IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:14-CV-94-D

| | |
|---|---|
| ALBERT T. EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff Albert T. Edwards ("plaintiff" or, in context, "the claimant") challenges the final decision of defendant Acting Commissioner of Social Security Carolyn W. Colvin ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") on the grounds that he is not disabled. The case is before the court on the parties' respective motions for judgment on the pleadings. (D.E. 16, 18). Each party filed a memorandum in support of its motion. (D.E. 17, 19). The motions were referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* D.E. 20). For the reasons set forth below, it will be recommended that the Commissioner's motion be allowed, plaintiff's motion be denied, and the Commissioner's final decision be affirmed.

## BACKGROUND

### I. CASE HISTORY

Plaintiff filed an application for DIB on 2 September 2010, alleging a disability onset date of 15 July 2010. Transcript of Proceedings ("Tr.") 19. The application was denied initially and upon reconsideration, and a request for hearing was timely filed. Tr. 19. On 21 December

2012, a video hearing was held before an administrative law judge ("ALJ"), at which plaintiff, who was represented by counsel, and a vocational expert testified. Tr. 33-60. On 8 February 2013, an ALJ issued a decision (Tr. 19-27) denying the application. Plaintiff timely requested review by the Appeals Council. Tr. 14-15. The Appeals Council denied the request on 10 April 2014. Tr. 1-4. At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. § 404.981. Plaintiff commenced this proceeding for judicial review on 23 May 2014, pursuant to 42 U.S.C. § 405(g). (*See In Forma Pauperis* ("IFP") Mot. (D.E. 1); Am. IFP Motion (D.E. 4); Order Allowing Am. IFP Mot. (D.E. 5); Compl. (D.E. 6)).

## II.    STANDARDS FOR DISABILITY

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The disability regulations under the Act ("Regulations") provide a five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

(i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [§ 404.1509], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings ["Listings"] in [20 C.F.R. pt. 404, subpt. P, app. 1] . . . and meets the duration requirement, we will find that you are disabled. . . .

(iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

(v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . . .

20 C.F.R. § 404.1520(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. If a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*

3
Case 4:14-cv-00094-D   Document 21   Filed 07/14/15   Page 3 of 16

## III.     FINDINGS OF THE ALJ

Plaintiff was 50 years old on the alleged onset date of disability, 15 July 2010, and 52 years old on the date he was last insured, 31 December 2011. *See* Tr. 21 ¶ 1; 26 ¶ 7. He testified that the last grade he attended was ninth grade, but that he subsequently obtained a GED. Tr. 40. The ALJ found that he had a limited education and past relevant work as a cement finisher, garbage collector, and kitchen helper. Tr. 26 ¶¶ 6, 8.

Applying the five-step analysis of 20 C.F.R. § 404.1520(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity from his alleged onset date of disability through his date last insured. Tr. 21 ¶ 2. At step two, the ALJ found that plaintiff had the following medically determinable impairments that were severe within the meaning of the Regulations: essential hypertension, diabetes mellitus, obesity, plantar fasciitis, diabetic neuropathy, hypothyroidism, hyperlipidemia, hepatitis C, and degenerative joint disease of the knees. Tr. 21 ¶ 3. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the Listings. Tr. 21-22 ¶ 4.

The ALJ next determined that plaintiff had the RFC to perform a limited range of work at the light exertional level.[1] Tr. 22 ¶ 5. The ALJ included in the RFC the following limitations:

---

[1] The Regulations define "light work" as involving

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b); *see also Dictionary of Occupational Titles* ("DOT"), app. C § IV, def. of "L-Light Work" (U.S. Dep't of Labor 4th ed. rev. 1991), http:// www.oalj.dol.gov/libdot htm (last visited 13 July 2015). "Light work" and the other terms for exertional level as used in the Regulations have the same meaning as in the DOT. *See* 20 C.F.R. § 404.1567.

> [Plaintiff can] never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; frequently stoop, kneel, and crouch; never crawl; and avoid concentrated exposure to hazards such as unprotected heights and dangerous moving machinery.

Tr. 22 ¶ 5.

Based on his determination of plaintiff's RFC, the ALJ found at step four that plaintiff was not capable of performing his past relevant work as a cement finisher, garbage collector, and kitchen helper. Tr. 26 ¶ 6. At step five, the ALJ accepted the testimony of the vocational expert and found that there were jobs in the national economy existing in significant numbers that plaintiff could perform, including jobs in the occupations of mail clerk, small parts assembler, and electronics worker. Tr. 26-27 ¶ 10. The ALJ accordingly concluded that plaintiff was not disabled from the alleged disability onset date through his last date insured. Tr. 27 ¶ 11.

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales*, 402 U.S. at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

## **DISCUSSION**

### I. OVERVIEW OF PLAINTIFF'S CONTENTIONS

Plaintiff contends that this case should be remanded for the award of benefits or, in the alternative, a new hearing on the grounds that the ALJ erroneously evaluated: (1) the medical opinions of his treating podiatrist, Thomas J. Bobrowski, D.P.M., and treating primary care physician, William P. Lorio, M.D.; and (2) plaintiff's credibility. The court will address each contention in turn.

## II. ALJ'S EVALUATION OF MEDICAL OPINIONS

### A. Applicable Legal Standards

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Podiatrists are acceptable medical sources for purposes of treatment of impairments of the foot and ankle. *See* 20 C.F.R. § 404.1502, 1513(a)(4); N.C. Gen. Stat. § 90-202.2(a) (defining podiatry as the treatment of the foot and ankle). An ALJ must consider all medical opinions in a case in determining whether a claimant is disabled. *See id.* § 404.1527(c); *Nicholson v. Comm'r of Soc. Sec. Admin.*, 600 F. Supp. 2d 740, 752 (N.D.W. Va. 2009) ("Pursuant to 20 C.F.R. §§ 404.1527(b), 416.927(b), an ALJ must consider all medical opinions when determining the disability status of a claimant.").

The Regulations provide that opinions of acceptable medical sources on the nature and severity of impairments are to be accorded controlling weight if they are well supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *see Craig*, 76 F.3d at 590; *Ward v. Chater*, 924 F. Supp. 53, 55-56 (W.D. Va. 1996); Soc. Sec. R. 96-2p, 1996 WL 374188 (2 July 1996). Otherwise, the opinions are to be given significantly less weight. *Craig*, 76 F.3d at 590. In this circumstance, the Regulations prescribe factors to be considered in determining the weight to be ascribed, including the length and nature of the treating relationship, the supportability of the opinions, their consistency with the record, and other factors that tend to support or contradict the opinions. 20 C.F.R. § 404.1527(c)(2)-(6).

Opinions from medical sources on the ultimate issue of disability are reserved to the Commissioner and are not entitled to any special weight based on their source, in particular controlling weight. *See* 20 C.F.R. § 404.1527(d)(1), (3); Soc. Sec. R. 96-5p, 1996 WL 374183, at *2, 5 (2 July 1996); *Dowdle v. Astrue*, No. 2:10–CV–2308–MBS, 2012 WL 887471, at *8 (D.S.C. 15 Mar. 2012) ("An opinion that a claimant is 'disabled' or 'unable to work' is not a medical opinion but an administrative finding, and a physician's opinion on this ultimate issue is not entitled to special weight."). Nonetheless, these opinions may not be ignored, but must be evaluated using the applicable factors in the 20 C.F.R. § 404.1527(c). Soc. Sec. R. 96-5p, 1996 WL 374183, at *3.

The ALJ's "decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. R. 96-2p, 1996 WL 374188, at *5; *see also* 20 C.F.R. § 404.1527(c)(2); *Ashmore v. Colvin*, No. 0:11-2865-TMC, 2013 WL 837643, at *2 (D.S.C. 6 Mar. 2013) ("In doing so [*i.e.*, giving less weight to the opinion of a treating physician], the ALJ must explain what weight is given to a treating physician's opinion and give specific reasons for his decision to discount the opinion.").

### B. Dr. Bobrowski's Medical Opinions

Dr. Bobrowski treated plaintiff from no later than August 2009 until at least September 2012. *See* Tr. 439, 459. In a medical source statement entitled "Physical Capacities Evaluation" and dated 21 May 2012, Dr. Bobrowski opined that plaintiff was subject to the following limitations due to his bilateral plantar fasciitis and diabetic neuropathy: lifting ten pounds occasionally and up to five pounds frequently; sitting for six hours or more, but standing or

walking only three hours in an eight-hour day; engaging in gross and fine manipulation frequently; bending or stooping occasionally; and pushing, pulling, climbing, and balancing rarely. Tr. 437, 439 (duplicate). Dr. Bobrowski also opined that plaintiff would be absent from work one day per month because of the foot impairments. Tr. 437.

The ALJ stated that he gave "[l]ittle weight" to Dr. Bobrowski's medical source statement. Tr. 25 ¶ 5. He explained as follows:

> Little weight is given to the physical capacities evaluation from the claimant's podiatrist, Dr. Bob[r]owski (Exhibits 14F and 15F). Podiatrists are only acceptable medical sources for conditions involving the foot and ankle (20 CFR 404.1502). To the extent that Dr. Bob[r]owski opines on matters, such as manipulation, bending, sitting, etc., his opinion is given minimal weight. He indicates that the claimant would be limited to sedentary work due to a history of plantar fasciitis and to diabetic neuropathy. However, his own treatment notes do not reflect that level of severity (Exhibit 16F). For example, the claimant's neuropathy is described only as moderate and worse when lying down. While the examination does note sensory loss, there is no mention of motor loss. In addition, notes reflect improvement with treatment. Dr. Bob[r]owski's opinion is not consistent with the opinion of any other doctor in the record, including Dr. Lorio who considered the claimant capable of work and frequently advised the claimant to increase his walking/exercise.

Tr. 25 ¶ 5. Thus, the ALJ discounted Dr. Bobrowski's opinions on three principal grounds: (1) the limitation of podiatry to treatment of the foot and ankle; (2) the failure of Dr. Bobrowski's treatment notes to reflect the level of severity he opined plaintiff to have; and (3) inconsistency of Dr. Bobrowski's opinons with those of all other doctors of record.

Plaintiff contends that the ALJ should have given Dr. Bobrowski's opinions controlling weight. The court disagrees.

Plaintiff argues that the ALJ improperly discounted all of Dr. Bobrowski's opinions because of the limited scope of podiatry, including the opinions relating to the feet and ankles. But the ALJ's decision makes clear that he was discounting on the basis of the scope of podiatry

only opinions on areas other than the feet and ankles, including, as the ALJ himself lists, "manipulation, bending, [and] sitting." Tr. 25 ¶ 5.

Plaintiff also challenges the ALJ's determination that Dr. Bobrowski's treatment notes do not show the level of severity Dr. Bobrowski posits. Of course, consistency of Dr. Bobrowski's opinions with his own treatment notes is a proper consideration in evaluating the opinions. Moreover, the treatment notes provide substantial evidence supporting the ALJ's determination.

For example, as the ALJ asserts, Dr. Bobrowski did state in his office visit notes that plaintiff's neuropathy was moderate in severity (Tr. 439 (7 Sept. 2012), 442 (6 July 2012), 450 (11 May 2012)) and that plaintiff's pain was worse when lying in bed (Tr. 439 (7 Sept. 2012), 442 (6 July 2012), 450 (11 May 2012)). Similarly, while Dr. Bobrowski notes sensory loss in both feet (Tr. 440 (7 Sept. 2012), 443 (6 July 2012), 451 (11 May 2012)), there is no mention of motor loss. While plaintiff argues that Dr. Bobrowski's findings of restrictions on dorsiflexion of plaintiff's ankles (Tr. 440 (7 Sept. 2012), 443 (6 July 2012), 451 (11 May 2012)) show motor loss, these findings actually show limited range of motion of the ankles, not loss of ability to move them. Likewise, as referenced by the ALJ, Dr. Bobrowski's notes repeatedly state that plaintiff's plantar faciitis and diabetic neuropathy were "better" and "improved." Tr. 439, 440 (7 Sept. 2012); 442, 443 (6 July 2012); 450, 451 (11 May 2012).

Plaintiff points to other findings in Dr. Bobrowski's notes as evidence of disabling impairment, but they do not negate the substantial evidence supporting the ALJ's findings. Further, the fact that the ALJ did not discuss particular findings by Dr. Bobrowski does not signify that the ALJ failed to consider them, as plaintiff suggests. *See*, *e.g.*, *Rogers v. Colvin*, No. 5:13–CV–874–D, 2015 WL 502138, at *15 (E.D.N.C. 20 Jan. 2015) ("An ALJ is not required to discuss every piece of evidence."), *mem. & recommendation adopted by* 2015 WL

502138, at *1 (5 Feb. 2015); *see also*, *e.g.*, Tr. 19 ("After careful consideration of all the evidence . . . .").

Plaintiff does not dispute the ALJ's determination that no other doctor of record opined plaintiff to be as limited in capacity as Dr. Bobrowski did and with good reason. As the ALJ noted, Dr. Lorio opined that plaintiff was capable of working. Tr. 428. Although plaintiff challenges the ALJ's reliance on that opinion, the court finds it proper, as discussed below.

In addition, the nonexamining state agency medical consultants found plaintiff capable of work at the medium exertional level. Tr. 61-68, 89-98. The ALJ actually gave these opinions little weight, in part, because he found plaintiff more limited than the consultants did, as his RFC determination of a limited range of light work demonstrates. Tr. 22 ¶ 5; 25 ¶ 5; *see generally* 20 C.F.R. § 404.1527(e)(2) (evaluation of opinions of nonexamining state agency consultants); Soc. Sec. R. 96-6p, 1996 WL 374180 (2 July 1996) (same).

Plaintiff points to other medical evidence relating primarily to plaintiff's knees as supporting Dr. Bobrowski's opinions. This evidence, however, is for the most part irrelevant to Dr. Boborowski's opinions because it does not concern plaintiff's feet and ankles, and is therefore outside the proper scope of Dr. Boborowski's opinions.

The ALJ did, though, consider the evidence regarding plaintiff's knees. As noted, he found plaintiff's degenerative joint disease of the knees to be a severe impairment. Tr. 21 ¶ 3. The ALJ explained why he did not find this impairment to be disabling as follows:

> The claimant alleges disability due to pain in his knees. However, notes on examination on August 29, 2010 showed that the claimant had a full range of motion in both knees (Exhibit 5F). An x-ray of the claimant's bilateral knees taken December 1, 2010 did show mild arthritic changes (Exhibit 7F) and some swelling of the knees with the left worse than right was noted on November 16, 2011. However, the record shows that the claimant has received only conservative treatment with warm compresses, pain medications, and physical therapy (Exhibits 11F and 12F).

Tr. 23 ¶ 5. The ALJ's analysis is supported by substantial evidence, including the evidence he cites.

Plaintiff's challenge to the ALJ's assessment of Dr. Bobrowski's opinions relies to some degree on allegations he made regarding the severity of his impairments. As discussed further below, the court properly found plaintiff's allegations less than fully credible.

The court concludes that the ALJ's attribution of little weight to Dr. Bobrowski's opinions is supported by substantial evidence and based on proper legal standards. The court accordingly rejects plaintiff's challenge to it.

### C. Dr. Lorio's Medical Opinion

Dr. Lorio, an internist, treated plaintiff from June 2010 (*see* Tr. 336) through at least July 2012 (*see* Tr. 470-71). In his note on his 23 November 2011 visit with plaintiff, Dr. Lorio opined that plaintiff had the ability to work: "I see no reason why he cannot hold down a job." Tr. 428. He explained the reasons for his opinion as follows:

> He is noncompliant in general. He takes medications when he can afford them. He states he has been taking his levothyroxine lately. He goes on about seeking disability for things like thyroid disease and diabetes, which are treatable conditions. I encouraged him to continue his appropriate diabetes medications and thyroid medications and not to let them become disabling conditions due to noncompliance and neglect. At this time, he is ambulatory without assistance.

Tr. 428.

Plaintiff argues that in giving Dr. Lorio's opinion great weight the ALJ violated the prohibition in the Regulations against giving special weight to the opinion of a medical source on an issue reserved to the Commissioner on the basis of its source. *See* 20 C.F.R. § 404.1527(d)(1), (3); Soc. Sec. R. 96-5p, 1996 WL 374183, at *2, 5. Again, the court finds no error.

In compliance with the applicable legal requirements, the ALJ did not give Dr. Lorio's opinion controlling weight, but instead evaluated it using proper factors. He gave the opinion great weight based on, as noted, the length and regularity of Dr. Lorio's treating relationship with plaintiff and the treatability of plaintiff's impairments, as evidenced by their nature and plaintiff's reports of improvement in symptoms when compliant with treatment. Tr. 25 ¶ 5; *see* 20 C.F.R. § 404.1527(c)(2)(i), (ii), (6); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling.").

Not only was the ALJ's assessment of Dr. Lorio's opinion legally proper, the court finds, after careful review of Dr. Lorio's records,[2] that it is supported by substantial evidence. The court accordingly rejects plaintiff's challenge to this aspect of the ALJ's decision.

## III. ALJ'S ASSESSMENT OF PLAINTIFF'S CREDIBILITY

An ALJ's assessment of a claimant's credibility involves a two-step process. *Craig*, 76 F.3d at 593-96; 20 C.F.R. § 404.1529(a)-(c); Soc. Sec. R. 96–7p, 1996 WL 374186, at *1 n.1, 2 (2 July 1996). First, the ALJ must determine whether plaintiff's medically documented impairments could cause plaintiff's alleged symptoms. Soc. Sec. R. 96-7p, 1996 WL 374186, at *2. Next, the ALJ must evaluate the extent to which the claimant's statements concerning the intensity, persistence, or functionally limiting effects of the symptoms are consistent with the objective medical evidence and the other evidence of record. *See id.; see also* 20 C.F.R. § 404.1529(c)(3) (setting out factors in addition to objective medical evidence in evaluation of a claimant's pain and other symptoms). If the ALJ does not find plaintiff's statements to be credible, the ALJ must cite "specific reasons" for that finding that are "supported by the evidence." Soc. Sec. R. 96-7p, 1996 WL 374186, at *2, 4; *Jonson v. Colvin*, No. 12cv1742, 2013 WL 1314781, at *7 (W.D. Pa. 28 Mar. 2013) ("If an ALJ concludes the claimant's testimony is

---

[2] *See* Tr. 284, 286-88, 295, 305-08, 310-15, 319-30, 332-37, 361-73, 409-35, 468-71.

13

Case 4:14-cv-00094-D   Document 21   Filed 07/14/15   Page 13 of 16

not credible, the specific basis for such a conclusion must be indicated in his or her decision."); *Dean v. Barnhart*, 421 F. Supp. 2d 898, 906 (D.S.C. 2006).

Here, the ALJ made the step-one finding that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." Tr. 23 ¶ 5. But at step two, he found that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." Tr. 23 ¶ 5. The ALJ explained in detail the reasons for not fully crediting plaintiff's allegations:

> While the claimant alleges disabling limitations due to his impairments, the objective medical evidence fails to support such a finding in this case. The record shows that the claimant has been noncompliant with recommended treatment to alleviate pain and symptoms by not taking medications as prescribed (Exhibits 8F, 10F, 13F, and 18F). The record also shows that the claimant's degenerative joint disease of the knees is of mild severity (Exhibit 7F), and his plantar fasciitis and diabetic neuropathy are of only moderate severity (Exhibit 16F). Further, on December 1, 2010, the claimant reported that he was trying to obtain disability and did not want to return to work. He indicated that he felt he had "already put in his time" (Exhibit 8F/29). In addition, evidence regarding the claimant's daily activities is not consistent with allegations of a complete inability to work and complaints of disabling symptoms and limitations. The claimant reports that he cleans the house including, vacuuming and dusting as well as washing dishes and windows with breaks, which is consistent with less than light work. Moreover, in November 2011, the claimant's treating physician, Dr. Lorio, indicated that he did [not] see any reason why the claimant could not work (Exhibit 13F). Consideration of these factors also leads the undersigned to conclude that the claimant's allegations of disabling symptoms and limitations cannot be accepted, and that the [RFC] finding in this case is justified.

Tr. 24-25 ¶ 5. The court finds, after careful review of the record, that the ALJ's assessment is supported by substantial evidence, including the evidence he cites.

Citing *Craig*, 76 F.2d at 591, 594, 595, plaintiff argues that the ALJ impermissibly contradicted himself by finding that plaintiff's impairments satisfied step one on the basis of objective medical evidence and then finding that they did not satisfy step two, again, on the basis of the objective medical evidence, at least in part. But the *Craig* court flatly rejected the notion

that objective medical evidence cannot properly be considered and found to discredit a claimant's credibility at step two:

> This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers . . . .

76 F.2d at 595; *see also* Soc. Sec. R. 96-7p, 1996 WL 374186, at *6.

The court concludes that the ALJ's credibility assessment is both supported by substantial evidence and based on proper legal standards. It accordingly rejects plaintiff's challenge to the assessment.

## **CONCLUSION**

After careful consideration of the ALJ's decision, the other portions of the record in this case, and the applicable law, the court concludes that the decision is supported by substantial evidence of record and based on proper legal standards. IT IS THEREFORE RECOMMENDED that the Commissioner's motion (D.E. 18) for judgment on the pleadings be ALLOWED, plaintiff's motion (D.E. 16) for judgment on the pleadings be DENIED, and the final decision of the Commissioner be AFFIRMED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the respective parties or, if represented, their counsel. Each party shall have until 28 July 2015 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or

modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Any response to objections shall be filed within 14 days after service of the objections on the responding party.

This 14th day of July 2015.

_____
James E. Gates
United States Magistrate Judge